James LAY, Administrator of the Estate of
Rose Lay, Deceased, Appellant,

v.

LOUISVILLE & NASHVILLE RAILROAD
CO., and J. W. McNutt, Appellees.

Court of Appeals of Kentucky.

Sept. 30, 1960.

Rehearing Denied Dec. 16, 1960.

George R. Silliman, James G. Begley, Danville, for appellant.

Pierce Lively, Danville, for appellees.

BIRD, Chief Justice.

Rose Lay was killed while sitting in an automobile which was stopped upon the tracks of a private railroad crossing. Her administrator sued the railroad company and its engineer. The jury returned a verdict for the administrator against both defendants. The defendants filed a motion for judgment notwithstanding the verdict. The motion was sustained and judgment was entered for the defendants. The administrator appeals from that judgment.

The automobile was on the crossing when the engineer first saw it. He was then at the Brumfield crossing about 1,200 to 1,400 feet from the private crossing. The following positive statement of the facts appears in appellant's brief:

"When the train arrived at the Brumfield crossing, the defendant, McNutt, saw the automobile upon the tracks at the place of accident, at which time he applied the emergency brakes and blew his whistle sounding an emergency signal. The brakes immediately took effect and the train continued toward the place of accident at a diminishing rate of speed until it struck the car, at which time the train was traveling 20 to 25 miles per hour. There was nothing wrong with the train. The brakes on the train were in good working condition and there was nothing that would affect their stopping power upon application."

It appears that appellant's argument for reversal is not consistent with this statement of facts. We have therefore carefully examined the evidence and find that appellant clearly established the stated facts by witnesses introduced on his behalf. Our examination convinces us that there is no

evidence of probative value upon which the case could have been submitted to the jury on the question of negligence. It is not claimed that the crossing was defective.

The trial court properly sustained defendants' motion and the judgment entered thereon is affirmed.